No. 57,341

State of Kansas, *Appellant,* v. Robert D. Corby, *Appellee.*

(699 P.2d 51)

Opinion filed May 10, 1985.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Byron L. Sloan,* assistant district attorney, *Clark v. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Thomas E. Malone,* of Redmond, Redmond, O'Brien and Nazar, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Miller, J.: This is an appeal by the State on a question reserved, following an order discharging the defendant in a criminal case.

The defendant, Robert D. Corby, was charged with damaging property to the extent of more than $100 by breaking a plate glass door. At the preliminary hearing Norma Hutchinson testified on direct examination that she was running the bar at the Mohney-Stony Inn in Wichita on March 7, 1984. She saw three bricks come through the glass door and she saw the defendant throw them. The bricks shattered the entire door. Her direct and re-direct examination covers four pages in the transcript; her cross-examination, seventeen pages.

The case came on for jury trial on the morning of August 20, 1984, before the same judge who heard the preliminary hearing. Impaneling of the jury was completed at 12:15 p.m. Under K.S.A. 21-3108(1)(c), the defendant was in jeopardy "when the jury has been impaneled and sworn."

The State issued a subpoena for Norma Hutchinson for the preliminary examination and she appeared and testified. In preparation for trial, the State discovered she had moved to Chanute, Kansas, over 100 miles east of Wichita. A subpoena was issued for her and was personally served upon her. She was

contacted by telephone, and agreed to appear in the prosecutor's office in Wichita by 12:15 p.m. on the day of trial. She failed to appear. She was again reached by telephone at 12:45 p.m., and at that time she said that she was not going to appear. She declined an offer to ride to Wichita with a law enforcement officer and said that it would not matter if they threw her in jail, she was not coming.

When the court reconvened at 1:30 p.m., the prosecutor advised the court of these facts. Norma Hutchinson was a key witness; there were only two other witnesses, Russell Mohney and Officer Tucker. Russell Mohney's whereabouts were unknown and the State needed Norma Hutchinson's testimony in order that it might use the preliminary transcript of Mohney's testimony. Officer Tucker's testimony would be predicated on inadmissible hearsay unless Norma Hutchinson was present and available to testify. The State made alternative motions, first seeking a continuance until the following morning in order to secure Norma Hutchinson's presence, or for the trial court to declare Norma Hutchinson an unavailable witness and permit the State to use the preliminary hearing transcript of her testimony. The trial court denied both motions, concluding that the State might not be able to secure her appearance for the following morning, stating "the system just doesn't tolerate continuances," and finding that Norma Hutchinson was not unavailable since the State knew where she was. Jeopardy having attached, and the State being unable to proceed with other witnesses, the defendant was discharged with prejudice.

The State contends that the trial court abused its discretion by failing to grant a continuance and, alternatively, by failing to permit the State to use the preliminary hearing transcript. The matter of a continuance in a criminal case is largely within the discretion of the trial court. When a party seeks a continuance because of the absence of a witness, he must show that he exercised due diligence to procure the witness's presence at the trial. *State v. Jones,* 226 Kan. 503, 601 P.2d 1135 (1979). In this case, the facts surrounding the non-appearance of the witness and the efforts of the State to secure her presence were stipulated. The prosecution had done everything that could be expected of a party to secure the attendance of a witness, absent any knowledge that the witness was unwilling to appear. The

State did not have this knowledge until 12:45 p.m., when for the first time the witness said she would not come to court. Prior to that moment the State had no reason to believe that the witness would not cooperate. It had no reason to ask that a bond be set for her appearance, or to seek a bench warrant. Under the circumstances of this case, the State could not proceed without the witness absent a finding by the trial court that she was unavailable, coupled with permission to use her testimony as given at the preliminary hearing. The witness was clearly unavailable when the court reconvened after the noon recess. The stipulated facts indicate that the State made a good faith effort to produce the witness. See *State v. Davis*, 2 Kan. App. 2d 10, 573 P.2d 1124 (1978).

The trial court's order prevented the State from proceeding with this prosecution. Under the circumstances we conclude that the trial court abused its discretion. The court should either have granted the continuance and issued a bench warrant for the appearance of the witness or declared the witness unavailable and permitted the State to use the preliminary hearing transcript.

The appeal is sustained.